| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK | |
| Case number (if known) _____ Chapter __11__ | ☐ Check if this an amended filing |

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
MissionCulture LLC

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  
81-5121903

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 25 West 39th Street, 6th Floor<br>New York, New York 10018 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| New York<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)**  
www.troikamedia.com

**6. Type of debtor**  
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

---

Official Form 201        **Voluntary Petition for Non-Individuals Filing for Bankruptcy**        page 1

Debtor **MissionCulture LLC** Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5419**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See Attachment A** Relationship _____

District _____ When _____ Case number, if known _____

Debtor **MissionCulture LLC**     Case number (*if known*) _____
    Name

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____
          Contact name _____
          Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49     ☐ 1,000-5,000     ☐ 25,001-50,000
☐ 50-99     ☐ 5001-10,000     ☐ 50,001-100,000
☐ 100-199     ☐ 10,001-25,000     ☐ More than 100,000
☒ 200-999

**15. Estimated Assets**

☐ $0 - $50,000     ☐ $1,000,001 - $10 million     ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000     ☐ $10,000,001 - $50 million     ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000     ☒ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000     ☐ $1,000,001 - $10 million     ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000     ☐ $10,000,001 - $50 million     ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☒ $100,000,001 - $500 million     ☐ More than $50 billion

| Debtor | **MissionCulture LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **12/07/2023**
MM / DD / YYYY

**X**  **/s/ G. Grant Lyon**                                          **G. Grant Lyon**
Signature of authorized representative of debtor          Printed name

Title  **President and Interim Chief Executive Officer**

**18. Signature of attorney**

**X**  **/s/ Brian S. Lennon**                    Date  **12/07/2023**
Signature of attorney for debtor                                    MM / DD / YYYY

**Brian S. Lennon**
Printed name

**Willkie Farr & Gallagher LLP**
Firm name

**787 Seventh Avenue**
**New York, New York 10019**
Number, Street, City, State & ZIP Code

Contact phone  **212-728-8000**    Email address  **blennon@willkie.com**

**4215083 NY**
Bar number and State

# ATTACHMENT A TO VOLUNTARY PETITION

**Pending Bankruptcy Cases Filed by Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that this Court consolidate their chapter 11 cases for procedural purposes only.

| **Entity Name** |
| --- |
| CD Acquisition Corp. |
| Converge Direct Interactive, LLC |
| Converge Direct, LLC |
| Lacuna Ventures, LLC |
| Mission Media USA, Inc. |
| MissionCulture LLC |
| Troika Design Group, Inc. |
| Troika IO, Inc. |
| Troika Media Group, Inc. |
| Troika Mission Worldwide, Inc. |
| Troika Production Group, LLC |
| Troika Services, Inc. |
| Troika-Mission Holdings, Inc. |

# RESOLUTIONS FOR CONSIDERATION BY
# THE BOARD OF DIRECTORS OF
# TROIKA MEDIA GROUP, INC.

**Adopted December 6, 2023**

  **WHEREAS**, the board of directors (the "**Board**") of Troika Media Group, Inc., a Nevada corporation ("**Troika Media Group**" and, collectively with each entity set forth on **Schedule I** attached hereto, the "**Company**" or the "**Companies**"), does hereby consent to and adopt the following resolutions:

  **WHEREAS,** on November 8, 2022, the Board formed a special committee of independent directors (the "**Special Committee**") to assist the Board in addressing issues related to the financial restructuring of each entity set forth on Schedule I attached hereto (the "**Restructuring**"), including, but not limited to, considering, reviewing, negotiating, and recommending for approval or rejection all financing or refinancing necessary to effectuate the Restructuring and/or a potential sale of the Companies' respective assets through a bankruptcy proceeding under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") or otherwise, and implementing all related actions in connection thereto;

  **WHEREAS**, the Board has had the opportunity to consult with the Special Committee and fully consider each of the strategic alternatives available to the Company; and

  **WHEREAS**, the Board has reviewed and considered the options available and has considered the financial and operational conditions of the Companies on the date hereof, including the assets of the Companies, the current and long-term liabilities of the Companies, and the recommendations of the Companies' legal, financial, and restructuring advisors as to the relative risks and benefits of pursuing a Restructuring under the Bankruptcy Code;

  **WHEREAS**, the Board, acting on behalf of the Companies, has determined that, in its judgment, it is advisable and in the best interest of the Companies and the Companies' stakeholders, creditors, and other interested parties creditors to commence a case under the provisions of chapter 11 of the Bankruptcy Code (each a "**Bankruptcy Case**," and collectively, the "**Bankruptcy Cases**");

  **WHEREAS**, in support of the Bankruptcy Cases, each Company intends to enter into (i) that certain Debtor-in-Possession Credit Agreement (the "**DIP Credit Agreement**"), by and among Troika Media Group as borrower, certain other Companies as guarantors, the lenders from time to time party thereto and Blue Torch Finance LLC, as administrative agent and as collateral agent (the "**DIP Agent**"), and (ii) that certain asset purchase agreement (the "**Stalking Horse Agreement**" and together with the DIP Credit Agreement, the "**Transaction Documents**"), by and among the Sellers (as such term is defined in the Stalking Horse Agreement) and Purchaser (as defined in the Stalking Horse Agreement), each substantially in the form previously presented to the Board;

  **WHEREAS**, the Board has determined that, in its judgment, in light of the Bankruptcy Cases, it is advisable and in the best interest of Troika Media Group and its stakeholders to postpone its annual general meeting of stockholders scheduled for December 15, 2023 to a later date, such later date to be approved by the Board pending resolution of the Bankruptcy Cases; and

  **WHEREAS**, upon the recommendation of the Special Committee, the Board believes that it is advisable and in the best interests of each Company to enter into, deliver and perform its obligations under the Transaction Documents.

**Commencement and Prosecution of Bankruptcy Cases**

  **NOW THEREFORE, BE IT:**

  **RESOLVED**, that, in the judgment of the Board, acting on behalf of the Companies, it is desirable and in the best interest of the Companies, the creditors of the Companies, and other interested parties of the Companies that a voluntary petition (a "**Petition**") be filed by each Company with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

  **RESOLVED**, that the officers of each Company (each, an "**Authorized Person**" and collectively, the "**Authorized Persons**") be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of such Company (i) to execute and verify a Petition and all documents ancillary thereto, and to cause such Petition to be filed with the Bankruptcy Court commencing a Bankruptcy Case, and to make or cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents, and (ii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, or desirable in connection with the foregoing; and it is further

**Retention of Professionals**

  **RESOLVED**, that the Companies be, and hereby are, authorized, empowered, and directed to retain the law firm Willkie Farr & Gallagher LLP to represent the Companies, as debtors and debtors-in-possession, in connection with the Bankruptcy Cases on the terms set forth in such firm's engagement letter with Troika Media Group on behalf of the Companies, and to represent and assist each of the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including to (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court and make or cause to be made, prior to execution thereof, any modifications to the Petition or any ancillary document as an Authorized Person deems necessary, desirable, or appropriate to carry out the intent and accomplish the purpose of these resolutions, (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or proper in connection with the foregoing, and (c) execute, acknowledge, deliver, and verify any and all other documents necessary or proper in connection therewith and to administer the Companies' chapter 11 cases in form or forms as any Authorized Person may deem necessary or proper in order to effectuate the purpose of the intent of the foregoing resolution; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Willkie Farr & Gallagher LLP; and it is further

  **RESOLVED**, that the Companies be, and hereby are, authorized, empowered, and directed to retain Jefferies LLC to serve as investment banker to represent and assist the Companies in connection with the refinancing and/or sale of the Companies' assets and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Companies' rights and obligations in connection with the Bankruptcy Cases; and in connection therewith, the Authorized Persons shall be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Jefferies LLC; and it is further

**RESOLVED**, that the Companies be, and hereby are, authorized, empowered, and directed to retain Areté Capital Partners, LLC to serve as financial advisor to represent and assist the Companies in connection with the refinancing and/or sale of the Companies' assets and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Companies' rights and obligations in connection with the Bankruptcy Cases; and in connection therewith, the Authorized Persons shall be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Areté Capital Partners, LLC; and it is further

**RESOLVED**, that the Companies be, and hereby are, authorized, empowered, and directed to retain Kroll Restructuring Administration LLC to serve as the notice, claims, solicitation and balloting agent, and administrative advisor in connection with the Bankruptcy Cases; and, in connection therewith, the Authorized Persons shall be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Kroll Restructuring Administration LLC; and it is further

**RESOLVED,** that each Authorized Person be, and each hereby is, authorized and directed to employ any other professionals to assist the Companies in carrying out each Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and, in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary, and it is further

**RESOLVED,** that each Authorized Person be, and each hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deems necessary, proper or desirable in connection with the Companies' Bankruptcy Cases, with a view to the successful prosecution of such case, and it is further

**RESOLVED,** that each of the aforementioned retained advisors of the Companies is hereby authorized to take any and all actions necessary or desirable to advise the Companies' rights and obligations and facilitate the commencement of any cases commenced by the Companies under the Bankruptcy Code, and it is further

**Transaction Documents**

**RESOLVED**, that the form, terms, and provisions of each Transaction Document (including the DIP Credit Agreement and the other Loan Documents (as hereinafter defined)), including, without limitation, any exhibits, appendices and schedules thereto, all transactions contemplated thereby and all actions taken by the Authorized Person(s) in connection therewith be, and hereby are, authorized, approved and ratified in all respects with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by an Authorized Person executing the same, the execution thereof by such Authorized Person to be conclusive evidence of such approval, necessity, desirability, convenience, advisability, or appropriateness; and it is further

**RESOLVED**, that the execution and delivery of each Transaction Document (including the DIP Credit Agreement and the other Loan Documents) and the performance by each Company of its obligations thereunder, including the granting, ratification or reaffirmation of any security interest, mortgage, or lien, or the provision of any guarantee, as applicable, in each case, as contemplated by or in connection with the DIP Credit Agreement, the other Loan Documents and the other Transaction Documents, hereby are expressly authorized, adopted, confirmed, ratified and approved, and such approval is intended to and shall constitute all authorization and approval required by each Governing Body; and it is further

**RESOLVED**, that each of the Authorized Persons be and they hereby are authorized to execute, deliver and perform, or cause to be executed, delivered and performed, as applicable from time to time, in the name of and on behalf of each Company, the DIP Credit Agreement and various other documents, agreements, instruments, questionnaires, papers, or writings, as such Authorized Person determines are necessary, convenient, advisable, appropriate, or desirable to effect execution, delivery, and performance of the DIP Credit Agreement and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, any UCC financing statements and other instruments, stock powers, bond powers, unit powers, powers of attorney, side letters, notary letters, allonges, waivers, documents, certificates, consents, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, control agreements, intellectual property grants, guarantees, pledge agreements and other pledge documents, security agreements and other security documents, ratification agreements, and agreements contemplated thereby or executed and delivered in connection therewith (collectively, the "**Loan Documents**"), in each case, with such changes, additions, modifications, and terms as the Authorized Person(s) executing the Loan Documents shall approve, with such Authorized Person's execution thereof to be deemed conclusive evidence of such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications, substitutions, and replacements thereof and each other agreement now existing or hereafter created providing collateral security for payment or performance of the obligations thereunder; and it is further

**RESOLVED**, that each of the Authorized Persons be and they hereby are authorized, directed, and empowered, for and on behalf of and in the name of each Company to assign, hypothecate, set over, grant security interests in or grant a continuing security interest in, mortgage or pledge any or all of the assets and properties of each Company, real, personal or mixed, tangible or intangible, now owned or hereafter acquired, and all proceeds of the foregoing, to the DIP Agent as security for the obligations under the DIP Credit Agreement and the other Loan Documents; and it is further

**RESOLVED**, that to the extent that the approval of each Company in its capacity as a stockholder, shareholder, equity holder, managing member, sole member, general partner, limited partner, or member of any person is required for each Company or any such other person to execute, deliver and perform any of its obligations (including the grant of a lien on its assets) under the DIP Credit Agreement, or the other Loan Documents, the other Transaction Documents, each Company hereby consents thereto; and it is further

**RESOLVED**, that the Board, having reviewed the Stalking Horse Agreement, whereby the Sellers agree to sell the Acquired Assets (as defined in the Stalking Horse Agreement) under section 363 of the Bankruptcy Code (the "**Sale**"), subject to the terms and conditions set forth therein and the bidding procedures established by the Bankruptcy Court, hereby determine that the Sale and the other transactions contemplated by the Stalking Horse Agreement are advisable and in the best interests of the Sellers and their shareholders and other stakeholders; and it is further

**RESOLVED**, that the form, terms and provisions of (i) the Stalking Horse Agreement, substantially in the form presented to the Board, with such changes therein and additions thereto as the

- 4 -

Authorized Persons executing the same shall approve, the execution thereof by an Authorized Person to be deemed conclusive evidence of such approval, and (ii) the other sale documents including, without limitation, any exhibits, appendices and schedules thereto, all transactions contemplated thereby and all actions taken by the Authorized Person in connection therewith be, and hereby are, authorized, approved, and ratified in all respects with such modifications, changes, additions, and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable, or appropriate by an Authorized Person executing the same, the execution thereof by such Authorized Person to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness; and it is further

**RESOLVED**, that the execution and delivery of the Stalking Horse Agreement and the other sale documents, and the performance by the Sellers of their obligations thereunder, hereby are expressly authorized, adopted, confirmed, ratified and approved, and such approval is intended to and shall constitute all authorization and approval required by the Board; and it is further

**RESOLVED**, that each of the Authorized Persons is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Person(s) to be deemed conclusive evidence of the approval by each Company of the terms, provisions and conditions thereof; and it is further

**RESOLVED**, that any and all past actions heretofore lawfully taken by any Authorized Person, or any other officers, directors, members or any authorized persons acting under similar authority, as the case may be, of each Company or any Governing Body of a Company, in the name and on behalf of each Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

**Annual General Meeting of Stockholders**

**RESOLVED**, that the annual general meeting of stockholders originally scheduled for December 15, 2023 be, and hereby is, postponed indefinitely, and that the Authorized Persons are, and each hereby is, authorized, directed and empowered to take such actions and make such filings as may be required to effectuate the postponement of the annual general meeting of stockholders; and it is further

**General**

**RESOLVED,** that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, empowered, on behalf of and in the name of each Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Persons performing or executing the same shall approve, and the performance or execution thereof by such Authorized Persons shall be conclusive evidence of the approval thereof by such Authorized Persons and by such Company; and it is further

**RESOLVED,** that the Authorized Persons be, and each of them, acting alone or in any combination is, hereby authorized, directed, and empowered, in the name of and on behalf of each Company, to cause such Company to enter into, execute, deliver, certify, file, record and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of such Authorized Persons, shall be necessary, proper, and desirable to prosecute a successful completion of such Company's Bankruptcy Case and to effectuate the restructuring or sale of

such Company's debts, other obligations, organizational form and structure and ownership of such Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED,** that in connection with the commencement of Bankruptcy Cases by the Company and certain affiliates of the Company, any Authorized Person shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Companies' Bankruptcy Cases, which agreement(s) may require the Company to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Company's existing lender(s); and, in connection therewith, any Authorized Person is hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is further

**RESOLVED,** that in connection with the commencement of Bankruptcy Cases by the Company and certain affiliates of the Company, any Authorized Person shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, and obtain post-petition financing, including under debtor-in-possession credit facilities; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing; and in connection therewith, any Authorized Person is hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is further

**RESOLVED,** that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

**RESOLVED,** that these resolutions of the Board shall be filed with the minutes of the proceedings of the Board.

**Schedule I**

| |
|---|
| Troika Media Group, Inc. |
| Troika IO, Inc. |
| Troika Mission Worldwide, Inc. |
| Troika Design Group, Inc. |
| Troika Production Group, LLC |
| Troika Services, Inc. |
| Troika-Mission Holdings, Inc. |
| MissionCulture LLC |
| Mission Media USA, Inc. |
| CD Acquisition Corp. |
| Converge Direct, LLC |
| Converge Direct Interactive, LLC |
| Lacuna Ventures, LLC |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
Troika Media Group, Inc., et al.,[1] : Case No. 23-_____ (     )
: 
Debtors. : (Joint Administration Requested)
: 
---------------------------------------------------------x

**CORPORATE OWNERSHIP STATEMENT PURSUANT
TO FED R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors-in-possession (the "Debtors"), to the best of their knowledge, information, and belief, hereby state as follows:

1. Troika Media Group, Inc. owns 100% of the equity interests of Debtors Troika IO, Inc., Troika Mission Worldwide, Inc., Troika-Mission Holdings, Inc., Troika Design Group, Inc., Troika Services, Inc., and CD Acquisition Corp.

2. Troika-Mission Holdings, Inc. owns 100% of the equity interests of Debtors MissionCulture LLC and Mission Media USA, Inc.

3. Troika Design Group, Inc. owns 100% of the equity interests of Debtor Troika Production Group, LLC.

---

[1] The Debtors in these chapter 11 cases and the last four (4) digits of each Debtor's federal taxpayer identification number are as follows: Troika Media Group, Inc. (1552), Troika Mission Worldwide, Inc. (3406), Troika Services, Inc. (6042), Troika Design Group, Inc. (4560), Troika Production Group, LLC (3392), Troika-Mission Holdings, Inc. (8417), MissionCulture LLC (1903), Mission Media USA, Inc. (1312), Troika IO, Inc. (4013), CD Acquisition Corp. (5486), Converge Direct, LLC (0788), Converge Direct Interactive, LLC (8110), and Lacuna Ventures, LLC (2168). The Debtors' executive headquarters are located at 25 West 39th Street, 6th Floor, New York, NY 10018.

4. CD Acquisition Corp. owns 100% of the equity interests of Debtor Converge Direct, LLC.

5. Converge Direct, LLC owns 100% of the equity interests of Debtors Lacuna Ventures, LLC and Converge Direct Interactive, LLC, as well as 40% of the equity interest of non-Debtor Converge Marketing Services, LLC.[2]

---

[2] Mr. Maarten Terry owns the remaining 60% of equity interests in non-Debtor Converge Marketing Services, LLC.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re: : Chapter 11
:
Troika Media Group, Inc., : Case No. 23-_____ (    )
:
          Debtor. : (Joint Administration Requested)
:
------------------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

      Set forth below is the list of creditors that hold, based upon information presently available and belief, the thirty (30) largest unsecured claims (the **"Top 30 List"**) against Troika Media Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"). This list has been prepared based upon the books and records of the Debtors. The Top 50 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31); or (2) secured creditors, including those creditors with a right to setoff under applicable law, unless the value of the collateral (or amount entitled to be offset) is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation: (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed, or subject to a setoff; or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

[List appears on next page]

Fill in this information to identify the case:
Debtor name: Troika Media Group, Inc.
United States Bankruptcy Court for the Southern District of New York
Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 Case: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | TOM MARIANACCI, MAARTEN TERRY & MICHAEL CARRANO<br>ATTN: FRANK A. OSWALD<br>C/O TOGUT, SEGAL & SEGAL LLP<br>ONE PENN PLAZA, SUITE 3335<br>NEW YORK, NY 10119<br><br>and<br><br>SADIQ TOAMA *<br>ATTN: ROBIN SPIGEL<br>C/O ALLEN & OVERY LLP<br>1221 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10020 | TOM MARIANACCI, MAARTEN TERRY & MICHAEL CARRANO<br>ATTN: FRANK A. OSWALD<br>PHONE: (212) 201-5590<br>EMAIL: FRANKOSWALD@TEAMTOGUT.COM<br><br>and<br><br>SADIQ TOAMA<br>ATTN: ROBIN SPIGEL<br>PHONE: (212) 610-6300<br>EMAIL: ROBIN.SPIGEL@ALLENOVERY.COM | ALLEGED ACQUISITION OBLIGATIONS AND RELATED LITIGATION | C, U, D | | | $9,346,504 |
| 2 | VALASSIS<br>15955 LA CANTERA PKWY<br>SAN ANTONIO, TX 78256 | VALASSIS<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: (800) 437-0479<br>EMAIL: CHRISTOPHER.FINNEY@VERICAST.COM | TRADE | | | | $5,774,492 |
| 3 | GOOGLE<br>1600 AMPHITHEATRE PKWY<br>DEPT 33654<br>MOUNTAIN VIEW, CA 94043 | GOOGLE<br>ATTN: SUNDAR PICHAI, CEO<br>PHONE: (650) 253-0000<br>FAX: (650) 253-0001<br>EMAIL: MGRANETZ@GOOGLE.COM | TRADE | | | | $5,420,388 |
| 4 | MSPARK - MAILSOUTH<br>5901 HWY 52 E<br>HELENA, AL 35080 | MSPARK - MAILSOUTH<br>ATTN: GREG BOGICH, CEO<br>PHONE: (205) 620-6316<br>EMAIL: TRAMBO@MSPARK.COM | TRADE | | | | $2,157,022 |
| 5 | KYLE HILL<br>THE LAW OFFICES OF JEFFREY G. JACOBS<br>15615 ALTON PARKWAY, SUITE 450<br>IRVINE, CA 92618 | KYLE HILL<br>ATTN: JEFFREY G. JACOBS<br>PHONE: (949) 280-9612<br>FAX: (949) 450-9368<br>EMAIL: JEFF@JGJESQ.COM | ALLEGED SEVERANCE OBLIGATIONS AND RELATED LITIGATION | C, U, D | | | $1,894,000 |
| 6 | PRINT MGMT GROUP<br>31 WEST 34TH STREET<br>7TH FLOOR # 7017<br>NEW YORK, NY 10001 | PRINT MGMT GROUP<br>ATTN: JOHN SCALLI, CEO<br>PHONE: (212) 213-1555<br>EMAIL: HELEN@PMGINC.US.COM | TRADE | | | | $1,471,274 |
| 7 | DIRECT AGENTS<br>149 FIFTH AVE, FL 16<br>NEW YORK, NY 10010 | DIRECT AGENTS<br>ATTN: JOSH BOAZ, MANAGING DIRECTOR<br>PHONE: (212) 925-6558<br>EMAIL: BRENDAN@DIRECTAGENTS.COM | TRADE | | | | $1,313,293 |
| 8 | THE TRADE DESK, INC<br>42 N CHESTNUT ST<br>VENTURA, CA 93001 | THE TRADE DESK, INC<br>ATTN: JEFF GREEN, CEO<br>PHONE: (805) 585-3434<br>EMAIL: JED.DEDERICK@THETRADEDESK.COM | TRADE | | | | $1,168,310 |
| 9 | MYMOVE LLC<br>1101 RED VENTURES DR.<br>FORT MILL, SC 29707 | MYMOVE LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: (704) 971-2300<br>EMAIL: MNUNEZ@REDVENTURES.COM | TRADE | | | | $637,817 |
| 10 | MICROSOFT ONLINE<br>6880 SIERRA CENTER PKWY<br>RENO, NV 89511 | MICROSOFT ONLINE<br>ATTN: SATYA NADELLA, CEO<br>PHONE: (775) 823-5600<br>FAX: (775) 337-3038<br>EMAIL: JEMECO@MICROSOFT.COM | TRADE | | | | $627,203 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | META PLATFORMS INC - FACEBOOK<br>1601 WILLOW ROAD<br>MENLO PARK, CA 94025 | META PLATFORMS INC - FACEBOOK<br>ATTN: MARK ZUCKERBERG, CEO<br>PHONE: (650) 543-4800<br>EMAIL: FATIMATADELABU@META.COM | TRADE | | | | $612,633 |
| 12 | VAL-PAK DIRECT MARKETING<br>1 VALPAK AVENUE NORTH<br>PO BOX 945889<br>SAINT PETERSBURG, FL 33716 | VAL-PAK DIRECT MARKETING<br>ATTN: CHRIS CATE, CEO<br>PHONE: (727) 287-0200<br>FAX: (727) 399-3061<br>EMAIL: CATHI_KESSEL@VALPAK.COM | TRADE | | | | $609,123 |
| 13 | HOMEQUOTE- GDMGROUP<br>145 QUEEN'S ROAD EAST<br>OFFICE A, 16/F HENG SHAN CENTRE<br>HONG KONG | HOMEQUOTE- GDMGROUP<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>EMAIL: ARTEM.BEREGOVOY@HOMEQUOTE.IO | TRADE | | | | $571,803 |
| 14 | SMALL FALLS MEDIA<br>9615 GEISLER ROAD<br>EDEN PRAIRIE, MN 55347 | SMALL FALLS MEDIA<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: (763) 458-6196<br>EMAIL: KELLY@SMALLFALLSMEDIA.COM | TRADE | | | | $533,275 |
| 15 | 45 MAIN ASSOCIATES LLC<br>377 BROADWAY, 6TH FLOOR<br>NEW YORK, NY 10013 | 45 MAIN ASSOCIATES LLC<br>ATTN: MARK KRASSNER<br>PHONE: (212) 431-1300<br>FAX: (212) 965 2657<br>EMAIL: MKRASSNER@BORAHGOLDSTEIN.COM | ALLEGED BREACH OF LEASE AND RELATED LITIGATION | C, U, D | | | $455,576 |
| 16 | NEW YORK TIMES<br>THE TIMES CENTER<br>THE NEW YORK TIMES BUILDING<br>620 EIGHTH AVENUE<br>NEW YORK, NY 10018 | NEW YORK TIMES<br>ATTN: MERIDITH KOPIT LEVIEN, CEO<br>PHONE: (212) 841 1000<br>EMAIL: NYTCORPTEAM@NYTIMES.COM | TRADE | | | | $266,000 |
| 17 | QUANTCAST<br>795 FOLSOM STREET<br>5TH FLOOR<br>SAN FRANCISCO, CA 94107 | QUANTCAST<br>ATTN: KONRAD FELDMAN, CEO<br>PHONE: (415) 735-3206<br>FAX: (415) 738-2318<br>EMAIL: MATTHEW.KOLBUSZ@QUANTCAST.COM | TRADE | | | | $249,787 |
| 18 | KSL, LLC DBA PROPS<br>24 TURNER COURT<br>PRINCETON, NJ 08540 | KSL, LLC DBA PROPS<br>ATTN: JOSEPH PERELLO, CEO<br>PHONE: (917) 399-4122<br>EMAIL: JOSEPH@PROPS.US | TRADE | | | | $213,072 |
| 19 | HIBU<br>2201 RENAISSANCE BLVD.<br>KING OF PRUSSIA, PA 19406 | HIBU<br>ATTN: KEVIN JASPER, CEO<br>PHONE: (610) 731-2530<br>EMAIL: TASHA.HAMILL@HIBU.COM | TRADE | | | | $175,073 |
| 20 | ITSL - TMF HONG KONG LIMITED<br>1 MATHESON STREET, CAUSEWAY BAY<br>31/F TOWER TWO, TIMES SQUARE<br>HONG KONG | ITSL - TMF HONG KONG LIMITED<br>ATTN: MARK WEIL, CEO<br>PHONE: +852 31888333<br>EMAIL: JOSH@ASK.LAW | TRADE | | | | $171,215 |
| 21 | W4 HOLDING COMPANY (DMS)<br>DEPT. LA 23609<br>PASADENA, CA 91185 | W4 HOLDING COMPANY (DMS)<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>EMAIL: AEDRIS@DMSGROUP.COM | TRADE | | | | $170,078 |
| 22 | NIB DIRECT<br>1084 N EL CAMINO REAL<br>B-207<br>ENCINITAS, CA 92024 | NIB DIRECT<br>ATTN: ELISA D'AMICO, PRESIDENT<br>PHONE: (760) 527-2200<br>EMAIL: BRANDON.MOORE@NIBDIRECT.COM | TRADE | | | | $156,596 |

Debtor: Troika Media Group, Inc.  Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 23 | THRYV  2200 WEST AIRFIELD DRIVE  P.O. BOX 619810  DFW AIRPORT, TX 75261 | THRYV  ATTN: JOE WALSH, CEO  PHONE: (972) 890-7358; (972) 453-6690  FAX: (972) 453-0292  EMAIL: SCOTT.KENNEDY@THRYV.COM;  COLLEEN.GARDNER@THRYV.COM | TRADE | | | | $153,330 |
| 24 | COLONY BANCORP OF MALIBU  6161 SANTA MONICA BLVD, SUITE# 200  HOLLYWOOD, CA 90038 | COLONY BANCORP OF MALIBU  ATTN: PRESIDENT OR GENERAL COUNSEL  6161 SANTA MONICA BLVD, SUITE# 200  HOLLYWOOD, CA 90038 | LEASE | | | | $150,066 |
| 25 | ALLIANCE FRANCHISE BRANDS  1808 AVENUE P SUITE 101  BROOKLYN, NY 11229 | ALLIANCE FRANCHISE BRANDS  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (917) 992-9072  EMAIL: DAVID@AWESOMEOFFERSINC.COM | TRADE | | | | $128,138 |
| 26 | PLATEAU DATA SERVICES, LLC DBA RATEMARKET  8123 S INTERPORT BLVD. STE A  ENGLEWOOD, CO 80112 | PLATEAU DATA SERVICES, LLC DBA RATEMARKET  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (310) 721-5469  EMAIL: TNGUYEN@SUITEDCONNECTOR.COM | TRADE | | | | $125,801 |
| 27 | MEDIAALPHA VENTURES, LLC  QUOTELAB, LLC DBA MEDIAALPHA  700 S FLOWER ST, SUITE 640  LOS ANGELES, CA 90017 | MEDIAALPHA VENTURES, LLC  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (518) 637-2888  EMAIL: MEGAN@MEDIAALPHA.COM | TRADE | | | | $112,453 |
| 28 | EVERQUOTE  210 BROADWAY  CAMBRIDGE, MA 02139 | EVERQUOTE  ATTN: JAYME MENDAL, CEO  PHONE: (855) 522-3444  EMAIL: HLUCEY@EVERQUOTEAGENCY.COM | TRADE | | | | $109,238 |
| 29 | BERRY NETWORK  2200 WEST AIRFIELD DRIVE  P.O. BOX 619810  DFW AIRPORT, TX 75261 | BERRY NETWORK  ATTN: PRESIDENT OR GENERAL COUNSEL  PHONE: (866) 838-5079  EMAIL: KIMBERLY.DEVITT@BERRYNETWORK.COM | TRADE | | | | $107,196 |
| 30 | TYPHON INTERACTIVE LLC  1712 PIONEER AVE., SUITE 2329  CHEYENNE, WY 82001 | TYPHON INTERACTIVE LLC  ATTN: PRESIDENT OR GENERAL COUNSEL  EMAIL: GINO@TYPHONINTERACTIVE.COM | TRADE | | | | $105,577 |

\* Mr. Toama is not party to the referenced litigation.

**Fill in this information to identify the case and this filing:**

Debtor Name  MissionCulture LLC

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration: *Corporate Ownership Statement Pursuant to Bankruptcy Rules 1007(a)(3) and 7007.1*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/07/2023
MM/DD/YYY

/s/ G. Grant Lyon
Signature of individual signing on behalf of debtor

G. Grant Lyon
Printed name

President and Interim Chief Executive Officer
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**